ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL 21 PM 1: 04

CLERK _L. Flanders_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHARLES HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 105-022 |
| | ) |
| TONY HOWERTON; BILLY NICHOLS; | ) |
| and MICHAEL THOMAS, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Charles Harper, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. The case was originally filed in the Middle District of Georgia, and Plaintiff was granted permission to proceed *in forma pauperis* ("IFP"). Harper v. Walker, 5:04-cv-00406-CAR-CWH (M.D. Ga. Dec. 3, 2004). As Plaintiff's complaint was filed IFP, it was screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The Honorable C. Ashley Royal, United States District Judge, conducted the screening and dismissed all but three defendants from the case. Those three remaining individuals are located at ASMP within the Southern District of Georgia, and thus the case was transferred to this Court. Judge Royal did not make any determination on whether Plaintiff had actually stated a viable claim against the remaining three defendants. (Transfer Order, dated Feb. 16, 2005, pp. 8-9 (noting that remaining Defendants and ASMP are located

in Grovetown, Georgia, in Southern District and transferring case without further comment on potential viability of any claims)).

When the Court reviewed the case upon its arrival in the Southern District, Plaintiff was directed to amend his complaint because Judge Royal had already determined that the majority of the information in the complaint could not form the basis for § 1983 claims in this case. (Id. at 4-7 (dismissing Victor Walker and Dr. Karunaker Sripathi on *res judicata* grounds, as well as dismissing Commissioner James E. Donald, former Commissioner Jim Wetherington, Dr. John Doe, and the Medical College of Georgia based on a failure to state a claim upon which relief could be granted again any one of them)). Moreover, it was not clear which specific claims Plaintiff was trying to pursue against Defendants Howerton, Nichols, and Thomas - the only defendants remaining after Judge Royal transferred the case. (See doc. no. 3). Prior to receipt of the Court's March 23, 3005 Order directing Plaintiff to amend his complaint, Plaintiff had prepared a motion to amend and an amended complaint; these documents, signed by Plaintiff on March 20, 2005, arrived at the Court on March 24, 2005. (See doc. nos. 4 & 5). However, Plaintiff subsequently submitted an amended complaint that, as required by the Court's March 23rd Order, addressed only Defendants Howerton, Nichols, and Thomas. (Doc. no. 6). As Plaintiff was informed in the March 23rd Order (doc. no. 3, p. 3), an amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff, Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint). Thus, the first amended complaint (doc. no. 5) is a nullity, and the Court

will focus its attention on the most recent amended complaint submitted by Plaintiff. (Doc. no. 6).

I. **BACKGROUND**

According to Plaintiff, on December 20, 2002, he was diagnosed with "failure of the digestive system." However, officials at Macon State Prison ("MSP"), his place of incarceration at the time of this alleged diagnosis, failed to provide him with proper treatment, resulting in his transfer to ASMP. Plaintiff maintains that he filed a lawsuit in the Middle District based on the treatment he received at MSP, Harper v. Walker, 5:03-cv-7-3 (M.D. Ga. Jan. 8, 2003), and as part of that litigation, the court directed that a "special report" concerning his treatment be prepared. Defendant Nichols, an internist and the Hospital Director at ASMP, is alleged to have performed an examination of Plaintiff on May 13, 2003 pursuant to the "special report" directive and determined that Plaintiff had a "failure of the digestive system." (Doc. no. 6, ¶¶ 17-18). However, Plaintiff maintains that Dr. Nichols hid his diagnosis from the court and lied in the "special report" by failing to reveal Plaintiff's deadly medical condition; Plaintiff also contends that Dr. Nichols has lied about Plaintiff being a mental health patient with a significant past history of schizophrenia. (Id. ¶¶ 18, 31).[1]

---

[1] In reviewing that "special report" as part of deciding whether to grant the defendants' motion for summary judgment in the Middle District, the Honorable Claude W. Hicks, Jr., United States Magistrate Judge, ruled:

> In support of their motion for summary judgment, the defendants have submitted the plaintiff's medical records from Augusta and Macon State Prisons as well as the affidavit of Dr. Billy Nichols. The medical records and affidavit indicate that the plaintiff has received medical treatment for his
> (continued...)

3

According to Plaintiff, the only treatment that will save his life is a stomach operation called a "gastrectomy," but the only operation he has been offered is a "vagotomy." (Id. ¶¶ 23, 25). Plaintiff maintains that a December 2004 consultation with Dr. Chamberlian, a "gastroenterologist," and a subsequent test in March of 2005 by Dr. Baker-Brown have confirmed that Plaintiff's stomach "is not operating right." (Id. ¶¶ 26, 30). He contends that his condition causes him to suffer "excruciating pain." (Id. ¶ 66). Moreover Plaintiff alleges that prison officials have "been having inmates running psychological war games" on him for more than two years in an attempt to get him involved in homosexual activity and ultimately into mental health treatment.[2] (Id. ¶¶ 33, 46). Plaintiff alleges that because Dr. Nichols fears discovery that he submitted false information in the case in the Middle District,

---

problems in accordance with medical and constitutional standards.

The evidence shows that plaintiff has a long history of medical treatment and has been seen by Dr. Nichols and Dr. Gujral since February 13, 2003. On May 13, 2003, both doctors examined the plaintiff. The examination revealed that plaintiff is not suffering from a fatal stomach illness that requires surgery. However, the doctors noted that plaintiff does suffer from constipation, hypertension, Gastroesophageal reflux disease, and Hypercholesterolemia. Medical records also indicated that plaintiff is a mental health patient who suffers from Schizophrenia and has a history of laxative abuse.

When plaintiff was examined in May 13, 2003, he was very evasive about providing information regarding his stomach problems. . . . Further, there was no evidence of abnormalities in plaintiff's heart, abdomen, or extremities, and his most serious problem was noted to be high blood pressure. . . .

Harper, 5:03-cv-7-3, doc. no. 33, p. 4, *adopted by*, Dec. 11, 2003 Order of Judge Royal, doc. no. 39.

[2]Plaintiff also alleges that "staff members have overtly joined the games." (Doc. no. 6, ¶ 54).

Plaintiff might be "snatch[ed] up and slam[med] into mental health. . . . beat and/or raped and/or killed." (Id. ¶ 56).

Plaintiff states that he sent a copy of a complaint letter and wrote a grievance concerning his medical treatment to Defendant Tony Howerton, the Warden at ASMP, but Warden Howerton denied his grievance. (Id. ¶¶ 37, 64-65). Finally, as to Defendant Michael Thomas, a medical records clerk at ASMP, Plaintiff contends that he has been showing Plaintiff "dummy records" every time he asks to see his medical records and that the refusal to show him his real records is "probably going to cost [Plaintiff] his life." (Id. ¶¶ 61, 63).

Plaintiff seeks compensatory and punitive damages, as well as a order from the Court directing that Plaintiff be given necessary medical treatment.

## II. DISCUSSION

### A. Defendants Removed from Amended Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 3, p. 3 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). He was also specifically told that he must name all defendants in the caption and the body of the amended complaint. (Id.). Upon review of the amended complaint, the Court finds that Plaintiff no longer names Victor Walker, Dr. Karunaker Sripathi, James Donald, Jim Wetherington, or John Doe in the caption of the complaint or in the portion of the complaint reserved for listing the names of

all the defendants. (Doc. no. 6, pp. 1, 4). Accordingly, these five Defendants should be dismissed from this case.[3]

## B. Warden Howerton

According to Plaintiff's amended complaint, Warden Howerton should be held liable because he received a copy of one letter and denied Plaintiff's grievance concerning his medical treatment. Thus, it appears that Plaintiff is attempting to hold Warden Howerton liable simply by virtue of his supervisory position at ASMP. However, in the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Warden Howerton was personally involved in determining the type or providing medical treatment for Plaintiff.

Similarly, Plaintiff fails to allege a "causal connection" between Warden Howerton and the constitutional violation alleged by Plaintiff concerning his medical treatment. See

---

[3]Moreover, in Judge Royal's transfer Order from the Middle District, he determined that there were no viable claims against any of these Defendants; there is nothing in Plaintiff's filings in this Court that would alter Judge Royal's analysis. (See Transfer Order, dated Feb. 16, 2005).

Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not alleged the necessary causal connection with respect to Warden Howerton. Receipt of one letter or one grievance does not establish that Warden Howerton knew about a widespread problem of denying inmates proper medical treatment, let alone that he did nothing to curb any such abuses. Cf. Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions); see also Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) (pointing to single or isolated incidents not sufficient to

---

[4] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

indicate supervisor's approval of complained of inaction). Therefore, Warden Howerton should be dismissed from this case.

## C. Michael Thomas

Finally, Plaintiff maintains that Defendant Thomas, a records clerk, has violated his constitutional rights by showing him "dummy files" of his medical records and that this refusal to show him his true files has negatively impacted his pursuit of proper medical care. However, Plaintiff fails to connect Defendant Thomas to the person(s) actually responsible for providing Plaintiff's medical care or to otherwise explain how viewing his "true" files would make a difference to his current treatment. After all, Plaintiff already states that he knows he has been diagnosed with "failure of the digestive system" and that he needs a "gastrectomy." He also reports having multiple consultations with doctors who have explained his condition to him. Plaintiff does not allege that Defendant Thomas provided false records to the court; that allegation is reserved for Dr. Nichols. Thus, even if the Court were to assume that Plaintiff's allegations about Defendant Thomas were accurate, they simply do not support a viable claim under § 1983, and he should be dismissed from this case.

## III. CONCLUSION

Based on the foregoing, the Court **REPORTS** and **RECOMMENDS** that Victor

Walker, Dr. Karunaker Sripathi, James Donald, Jim Wetherington, John Doe, Tony Howerton, and Michael Thomas be **DISMISSED** from this case.[5]

SO REPORTED and RECOMMENDED this 21st day of July, 2005, at Augusta, Georgia.

```
                              W. LEON BARFIELD
                              UNITED STATES MAGISTRATE JUDGE
```

---

[5] By separate Order, the Court has directed that service of process be effected on Defendant Nichols.

9

# United States District Court
## Southern District of Georgia

HARPER )

vs )  CASE NUMBER CV105-22

HOWERTON, et al. )  DIVISION AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated _____, which is part of the official record of this case.

Date of Mailing: 07/21/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: Jara H. Burton
Deputy Clerk

**Name and Address**

Charles Harper, Pro Se, at prison

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate