FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2005 NOV 23  PM 1: 08

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA  DIVISION

| | | |
|---|---|---|
| CHARLES HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-022 |
| | ) | |
| BILLY NICHOLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation to which numerous objections have been filed.[1]  The

_____

[1] The Magistrate Judge entered his Report and Recommendation on July 21, 2005. The Court granted Plaintiff's multiple requests for extension of time to file his objections, giving Plaintiff ample time to prepare his voluminous objections (doc. nos. 25-26, 28-29, 31) to the screening of his most recent amended complaint - to include the Report and Recommendation and Order directing service on Defendant Nichols (doc. nos. 16, 17) - as well as to prepare objections (doc. no. 30) to the Order that directed the Clerk to serve the recommendation on Plaintiff and set a deadline for filing objections. (Doc. no. 18).

Recognizing Plaintiff's *pro se* status and in keeping with the latitude that the Court has afforded Plaintiff to date, his pending motions for an extension of time to object to the Magistrate Judge's October 13, 2005 Order are **GRANTED IN PART** and **DENIED IN PART.** (Doc. nos. 35, 36, 40). Plaintiff's request to have two and one half months to object to a four page Order dealing primarily with administrative issues is excessive. Any objections to the October 13th Order must be filed by Friday, December 2, 2005. However, the Court reminds Plaintiff that sometimes, less is more. Stated otherwise, flooding the Court with paper may result in his most worthy arguments getting lost in the shuffle. For example, it is not necessary to submit hand-copied reproductions of court documents that have been entered in the record in this case; those documents are already contained in the Court's records and may simply be referenced by page number of the applicable document. Moreover, Plaintiff is cautioned not to abuse his requests for extensions of time. Although *pro se* litigants are afforded leniency in the construction of their filings, they are required to conform to procedural rules. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court. . . .).

record reflects that this *in forma pauperis* ("IFP") case came to the Southern District by way of transfer from the Middle District of Georgia. Prior to transferring the case, the Honorable C. Ashley Royal, United States District Judge, screened the case in conformity with the IFP statute. In his Order, Judge Royal methodically addressed Plaintiff's various claims against Defendants Walker, Sripathi, Donald, Wetherington, Doe, and the Medical College of Georgia, determined that Plaintiff had failed to bring any valid claims against these Defendants, and dismissed them from the case. Harper v. Walker, 5:04-cv-00406-CAR-CWH (M.D. Ga. Feb. 16, 2005), doc. no. 5. Judge Royal then noted that the remaining three Defendants - Tony Howerton, Dr. Billy Nichols, and Michael Thomas - were located at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, and without any comment on the substance of the claims against these three remaining Defendants, transferred the case to this District.[2] However, upon the case's arrival here, all Defendants originally named in the case, including the ones who had already been dismissed by Judge Royal, were again placed on the docket.

Recognizing that the complaint that was transferred to this District contained a variety of information that no longer applied and noting that the complaint was unclear about the specific claims Plaintiff was attempting to raise against the only three remaining

---

[2]Plaintiff objects that prior to transferring the case, Judge Royal determined that viable claims had been stated against Defendants Howerton, Nichols, and Thomas, thereby making any additional screening of the complaint unnecessary. (Doc. no. 25). This objection is clearly not supported in the text of Judge Royal's Order, as evidenced by the lack of identification of any particular claim against any of these three Defendants and a failure to direct service of process. Cf. Harper v. Walker, 5:04-cv-00406-CAR-CWH (M.D. Ga. Feb. 16, 2005), doc. no. 5, pp. 4-8 (discussing specifics of purported claims prior to dismissal) of with pp. 8-9 (identifying three remaining Defendants at ASMP but failing to discuss any specific claims).

Defendants, the Magistrate Judge directed Plaintiff to file an amended complaint; specific instructions were provided to Plaintiff about amending his complaint. (See doc. no. 3). The Magistrate Judge issued his Order directing Plaintiff to amend his complaint on March 23, 2005. On March 24, 2005, the Clerk filed a motion to amend and amended complaint that Plaintiff had signed on March 20, 2005 and had prepared prior to having the benefit of the Magistrate Judge's specific instructions for amending his complaint; this amended complaint was not limited in its scope to the three Defendants who remained after Judge Royal transferred the case. However, in compliance with the Magistrate Judge's March 23, 2005 Order, Plaintiff then submitted another amended complaint on April 6, 2005 that did limit its claims to Defendants Howerton, Nichols, and Thomas. (See doc. no. 6).

After sorting out Plaintiff's prior filing history from the filing history of another Charles Harper incarcerated by the Georgia Department of Corrections (see doc. nos. 7, 13-16),[3] the Magistrate Judge screened the substance of the amended complaint filed on April 6, 2005 and determined that the only viable claim that remained was an Eighth Amendment claim against Defendant Nichols based on Plaintiff's allegations of deliberate indifference

---

[3] Plaintiff's current objection that this Court should have ruled his objections to the Report and Recommendation issued on April 27, 2005 - even though that Report and Recommendation was vacated prior entry of the Report and Recommendation now under review from July 21, 2005 - is without merit. It is not unusual for a Magistrate Judge to *sua sponte* issue a new Report and Recommendation when it is clear that an initial Report and Recommendation is due to be modified. See, e.g., Murphy v. Kennedy, CV 604-050 (S.D. Ga. May 16, 2005), doc. no. 35 (reviewing case history and noting that Magistrate Judge had issued a second Report and Recommendation before district court could rule on first Report and Recommendation). As the April 27th Report and Recommendation in this case had been vacated, there was nothing left for this Court to review in the way of objections because the vacated recommendation no longer applied to the case. Thus, there is no basis for granting Plaintiff's request "to suspend this case before defendants answer [the] complaint" (doc. no. 31, ¶ 17) until his objections to the April 27th recommendation are ruled upon.

3

to a serious medical need. (See doc. nos. 16 & 17). It is this determination to which Plaintiff now vociferously objects. First, Plaintiff objects (doc. no. 25) that the Magistrate Judge directed him to file an amended complaint without first considering the amended complaint dated March 20, 2005 that had been filed prior to receipt of the instructions in the Magistrate Judge March 23, 2005 Order; according to Plaintiff, the Magistrate Judge did not have the authority to order him to file an amended complaint to cure noted pleading deficiencies.

However, it is well-settled that the courts have "great latitude in carrying out case management functions." Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993); see also 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1217 (2004 ed.), p. 264 ("[I]n some circumstances if a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of dismissal on the merits may be warranted."). Moreover, the Eleventh Circuit has indicated its approval for insisting that prisoner plaintiffs comply with directions from the court to amend a complaint by affirming case dismissals where the prisoner plaintiff refused to comply with instructions from a magistrate judge to file an amended complaint. Shaw v. Smith, No. 05-13307 (11th Cir. Sept. 29, 2005) (unpublished); Irvin v. Wetherington, No. 02-16035 (11th Cir. Feb. 4, 2003). Thus, there was no error in the Magistrate Judge requiring submission of an amended complaint and then screening the amended complaint that was submitted in response to the Order for amendment rather than Plaintiff's amendment dated March 20, 2005 that did not comply with instructions issued on March 23rd.

Plaintiff also objects that the Magistrate Judge erred in stating that *res judicata* applied in this case to prevent re-litigation of claims concerning his medical care that were

decided adversely to him in litigation that concluded in the Middle District of Georgia in 2003. Harper v. Walker, 5:03-cv-7-3 (M.D. Ga. Jan. 8, 2003). If Plaintiff is referring to the dismissal of Defendants Walker and Sripathi, Judge Royal determined that *res judicata* applied to the claims against these two Defendants prior to transferring the case and dismissed them on that basis prior to transfer. If Plaintiff is referring to footnote 4 on page 6 of the Order directing service on Defendant Nichols (doc. no. 16), the Court does not read the Magistrate Judge's comments to limit consideration of Plaintiff's allegations concerning the current consequences of Dr. Nichols failure to obtain needed medical treatment that Plaintiff contends became evident when Dr. Nichols first examined him during the time period covered by the litigation in the Middle District that concluded in 2003. Rather, the Magistrate Judge made clear that the issues of the level of medical treatment raised in the Middle District case from 2003 -which were framed by a complaint filed by Plaintiff on January 8, 2003, see Harper v. Walker, 5:03-cv-7-3, doc. no.1 - are not to be relitigated in this case. However, Dr. Nichols was not a defendant in that prior case. At this point, there is nothing in the record which appears to prohibit Plaintiff from attempting to show that Dr. Nichols is not providing adequate treatment, despite his alleged knowledge of the need for such treatment based on an examination that occurred in 2003. Indeed, the crux of Plaintiff's current case appears to be that Dr. Nichols knows that Plaintiff's condition continues to deteriorate but will not arrange for needed surgery. In the end, Plaintiff's objections on the issue of *res judicata* are without merit.

Likewise, all remaining objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Therefore, Defendants Victor Walker, Dr. Karunaker Sripathi, James Donald, Jim Wetherington, John Doe, Tony Howerton, and Michael Thomas are **DISMISSED** from this case.[4]

SO ORDERED this 23rd day of November, 2005, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[4]As explained in note 1, *supra*, Plaintiff's objections to the Magistrate Judge's October 13, 2005 Order must be filed by Friday, December 2, 2005.