IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 JAN 18 A 9 37

CLERK _____
SO. DIST. OF GA

| | |
|---|---|
| CHARLES HARPER, | ) |
| Plaintiff, | ) |
| v. | ) CV 105-022 |
| BILLY NICHOLS, | ) |
| Defendant. | ) |

**ORDER**

Now before the Court are Plaintiff's motions for (1) a "denial of access to the Court-legal mail" (doc. no. 190), (2) an "extension of time to file objections to [the] Magistrate Judge's October 11, 2006 Order and Court ruling issued December 4, 2006" (doc. nos. 193-1; 193-2), (3) a thirty (30) day extension of time to file objections to the Magistrate Judge's October 11, 2006 Order and to "run his objections" to the December 4, 2006 Order "behind" his objections to the October 11, 2006 Order (doc. nos. 195-1, 195-2), and (4) rulings on various motions and objections (doc. no. 200). Plaintiff has also filed his objections to the Magistrate Judge's October 11, 2006 Order denying sanctions[1] (doc. nos. 197, 198) and the

---

[1] Although Plaintiff labeled these documents as objections to the Magistrate Judge's October 3, 2006 Order, the substance of Plaintiff's filing relates to the Magistrate Judge's October 11, 2006 Order denying Plaintiff's motion for sanctions. Therefore, the Court construes this document as objections to the Magistrate Judge's October 11, 2006 Order denying Plaintiff's motion for sanctions.

October 3, 2006 Report and Recommendation that recommended granting Defendant's motion for summary judgment (doc. nos. 191, 192).

As to Plaintiff's motion alleging a denial of access to the court, Plaintiff states that he submitted his objections to the Magistrate Judge's Report and Recommendation by depositing them in the prison mailbox for indigent mail. (Doc. no. 190, p. 1). He claims that his objections were twice returned to him for "postage due and that this should not have happened." (Id. at 1-2). It is, of course, true that prisoners have a constitutional right under the Fourteenth Amendment to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). Thus, prisoners are entitled to legal research materials. Id. "The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). The Eleventh Circuit has further explained the actual injury requirement:

> This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.

Id. at 1290-91 (citations omitted).

However, in the instant motion, Plaintiff does not demonstrate that his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights" have been hindered. Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)). In fact, Plaintiff actually

filed his objections to the Magistrate Judge's Report and Recommendation (doc. nos. 191, 192), which the Court is now considering. Accordingly, Plaintiff's motion (doc. no. 190) is **DENIED**.

As to Plaintiff's motions for an extension of time, to the extent that Plaintiff requests an extension of time to file his objections to the Magistrate Judge's October 11, 2006 Order (doc. nos. 193-1, 195-1), Plaintiff's request is **GRANTED**, and Plaintiff's objections to the Magistrate Judge's October 11, 2006 Order will be considered in this Order.

Plaintiff also requests extensions of time to object to the Magistrate Judge's rulings in the December 4, 2006 Order regarding Plaintiff's motions for a "denial of access to the Court" and motion requesting to know the status of his motions. Here, Plaintiff has had ample time to submit his objections to the December 4, 2006 Order, and Plaintiff has not provided a sufficient reason to warrant an extension of time to object to the December 4, 2006 Order. Therefore Plaintiff's requests (doc. nos. 193-2, 195-2) are **DENIED**. Nonetheless, the Court has reviewed the Magistrate Judge's December 4, 2006 ruling, and the Court does not find that the Magistrate Judge's ruling was clearly erroneous or contrary to law.[2]

As to Plaintiff's motion requesting rulings on various motions and objections (doc. no. 200), Plaintiff's motion is **GRANTED**. Instead of only verifying that the Court has ruled on the motions and objections that Plaintiff listed in his motion, given Plaintiff's vast filing

---

[2] A district court reviewing a Magistrate Judge's decision on a nondispositive issue "shall consider . . . objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 303 (S.D.N.Y. 1997).

3

history in this case, the Court has reviewed the entire docket sheet to verify that the Court has ruled on all of Plaintiff's motions and objections in this case. Upon review, the Court has determined that all of Plaintiff's motions and objections have been ruled on, with the following exceptions, which the Court now addresses. As to Plaintiff's objections to the Magistrate Judge's Order denying Plaintiff's request to order Defendant to mail Plaintiff's legal mail (doc. no. 75), Plaintiff has not demonstrated that the Magistrate Judge's ruling that the indigent mail policy did not prevent Plaintiff from prosecuting his case was clearly erroneous or contrary to law; thus, Plaintiff's objection (doc. no. 75) is **OVERRULED**.

Further, Plaintiff objected to the notice Defendant filed certifying that Defendant allowed Plaintiff a second opportunity to view his medical records, but that Plaintiff refused the opportunity. (Doc. no. 130). Upon consideration, Plaintiff's objection is **OVERRULED**. Plaintiff's objection to the Magistrate Judge's Order denying Plaintiff's request for Defendant's attorney to notarize Plaintiff's legal mail and the Clerk's Office to provide Plaintiff with a docket sheet (doc. no. 139) is likewise **OVERRULED**, as Plaintiff's objection was untimely filed. See Loc. R. 72.2 ( "party may serve and file objections to a Magistrate Judge's determination [regarding nondispositive pretrial matters] within ten (10) days after being served with a copy of the Magistrate Judge's order.").

As to Plaintiff's motions (1) informing the Court that "the Institution is refusing to mail pleadings to Defendant" (doc. no. 49), (2) indicating Plaintiff's intent to file a reply brief (doc. nos. 78, 120), (3) responding to the Order granting him an extension of time (doc. no. 90), and (4) informing the Court that he has mailed his objections (doc. no. 100), although Plaintiff labels these documents as "motions," Plaintiff has not requested any type

of relief, but instead appears to only notify the Court of various issues. Accordingly, Plaintiff's "motions" (doc. nos. 49, 78, 90, 100, 120), to the extent that they are motions, are **DENIED**.

As to Plaintiff's objections to the Magistrate Judge's ruling in the October 11, 2006 Order denying Plaintiff's motion for sanctions, the Court has reviewed Plaintiff's objections, in which Plaintiff appears to reassert the arguments that he presented in his motion for sanctions, and finds that the Magistrate Judge's ruling is neither clearly erroneous, nor contrary to law.[3] Therefore, Plaintiff's objections (doc. nos. 197, 198) are **OVERRULED**.

Finally, after a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (doc. no. 157), to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion for summary judgment is **GRANTED**, judgment shall be **ENTERED** in favor of Defendant, and this civil action shall be **CLOSED**.

SO ORDERED this 18th day of January, 2007, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that in his objections, Plaintiff argues that Defendant's August 16, 2006 motion was "an even more fictitious, frivolous, baseless, bad faith motion filed for [an] even more vicious, bad faith purpose than the first." (Doc. no. 198, p. 2). He further states that "the Court is mixing Defendant's two independent fictitious, frivolous, baseless, bad faith motions of June 14, 2006, [(the subject of Plaintiff's motion for sanctions)] and August 16, 2006, that were both filed for improper purposes, in an effort to [hide] and obscure the true facts and issues in attempting to give Defendant[] an excuse for filing one motion[,] while ignoring the second fictitious motion . . . ." (Id. at 3). The docket in this case does not reflect that Defendant filed a motion dated August 16, 2006, nor did Defendant file a motion in the entire month of August, 2006.